UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-2094-TORRES

UNITED STATES OF AMERICA,

      Plaintiff,

v.

ROLANDO COCA ALVAREZ,

      Defendant.
_____/

## DETENTION ORDER

Pursuant to 18 U.S.C. § 3142(f), on January 28, 2011, a hearing was held to determine whether the Defendant Rolando Coca Alvarez should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of this Defendant as required. Therefore, it is hereby **ORDERED** that the Defendant Rolando Coca Alvarez be detained prior to trial and until the conclusion thereof.

### I. *Nature and Circumstances of the Offense*

The Defendant is charged in the Middle District of Florida in a one-count indictment with willful theft of computers and other electronic equipment, all property

of the United States, the value of which exceeded $1,000.00 in violation of 18 U.S.C. §§ 641-42.

## II. *Weight of the Evidence*

The weight of the evidence against the Defendant is substantial. 18 U.S.C. § 3142(g)(2). According to the government's proffer, on March 6, 2010, approximately 3,000 government owned Panasonic computers and scanners were stolen from the I-Gov Technology warehouse located in Tampa, Florida. I-Gov warehouse is a Department of Defense storage facility of electronic equipment. The value of the stolen equipment was in excess of 7 million dollars.

During the investigation, a review of the March 6, 2010 surveillance camera located at the I-Gov warehouse revealed that a red Lincoln Navigator arrived at the property around 3:49 p.m. Thereafter, two individuals exited the vehicle, disarmed the alarm, and entered the property through a hole in the roof of the warehouse. Several hours later, the surveillance camera shows that three individuals entered the warehouse through the fire exit.

The Hillsborough County Sheriff's Office also reviewed a security camera located at a McDonald's restaurant near the I-Gov warehouse. The investigators discovered that, on the day of the burglary, the same red Lincoln Navigator spotted near the I-Gov facility made a purchase at the drive-through window of the restaurant around 9:55 p.m. Detectives identified the driver of the red Lincoln Navigator as Defendant Rolando Coca Alvarez.

On April 1, 2010, law enforcement officers executed a search warrant on a warehouse located in Miami, Florida and discovered 1,911 pieces of the stolen equipment. On July 29, 2010, police obtained a DNA sample of the Defendant. Further investigation revealed that Defendant's DNA matched the DNA obtained at the I-Gov facility on the day of the burglary. Furthermore, Defendant's cell phone records indicate that Defendant was present near the I-Gov warehouse at the time of the burglary. Consequently, there is substantial evidence in the record that would support the Defendant's pretrial detention under 18 U.S.C. § 3142(g)(2).

### III. *Defendant's History and Characteristics*

The pertinent history and characteristics of the Defendant support pretrial detention. According to the Pretrial Services Report, Defendant was born on December 11, 1955 in Havana, Cuba. Although he entered the United States 31 years ago, an inquiry with the immigration authorities indicates that Defendant is not legally in the United States and is subject to removal proceedings. Coca Alvarez has a valid Cuban passport and admitted to traveling to Cuba six times over the past five years. Defendant's mother and two siblings still reside in Cuba. Defendant's girlfriend and his two year old daughter reside in Miami. However, Defendant has no ties to Tampa area or the Middle District of Florida.

Accordingly, notwithstanding Defendant's limited ties to this community, based on Defendant's non-existent ties to the Middle District of Florida, recent foreign travel, strong ties to Cuba, and the significant alleged loss associated with the burglary, this Court finds, based on the preponderance of the evidence, that the Defendant would not

appear if released on bond prior to trial. There are no conditions of bond available that may reasonably assure the Defendant's presence at trial.

## IV. *Conclusion*

Pursuant to these findings, the Court hereby directs:

(a) That the Defendant be detained without bond and be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

(b) That the Defendant be afforded reasonable opportunity for private consultation with counsel; and

(c) That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**DONE AND ORDERED** at Miami, Florida, this 28th day of January 2011.

                                                     */s/ Edwin G. Torres*
                                                   EDWIN G. TORRES
                                                   United States Magistrate Judge